UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SRIKANTH SREEDHAR,

                    Plaintiff,

          -against-

CLERKS OF THE SDNY AND THE US
COURT OF APPEALS 2ND CIRCUIT,

                    Defendants.

25-CV-5850 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*, claiming that his notice of appeal was mistakenly filed in the United States Court of Appeals for the Second Circuit. He sues the "Clerks of the SDNY and the US Court of Appeals 2nd Circuit." By order dated July 23, 2025, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

As set forth below, the Court dismisses the complaint under the doctrine of quasi-judicial immunity and warns Plaintiff that, if he continues to file meritless actions, the Court will issue an order directing him to show cause why he should not be barred from filing future actions in this court IFP, without first obtaining permission to file.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff brings this action against the Clerks of Court for the Second Circuit and this court, claiming that his notices of appeal were not handled properly. He seeks to "link" his notices of appeal, as well as his closed cases filed in this court, to *United States v. Khobragade*, No. 14-CR-0176 (JGK) (S.D.N.Y. March 12, 2014) ("*Khobragade*"), a criminal matter in this court.[1] (ECF 1 at 7.) He also seeks "to be made a Witness" in *Khobragade*.[2] (*Id.*)

Plaintiff previously filed a substantially similar action in this court where he sought review of the *Khobragade* case. *See Sreedhar v. United States*, No. 24-CV-7440 (LTS) (S.D.N.Y. Mar. 6, 2025). By orders dated January 31, 2025, and March 4, 2025, the Court dismissed this prior action, which was brought against the United States, on sovereign immunity grounds.

Plaintiff recently attempted to file several documents in *Khobragade*, resulting in the issuance of an injunction on September 15, 2025, barring Plaintiff from filing any submissions in the criminal action. *See id.* (Doc. No. 13) ("Henceforth, whether the filings are sent to the Clerk's Office, the Pro Se Office, or to the Court, the filings are to be returned to Mr. Sreedhar without being filed on the docket of the Court.").

## DISCUSSION

The Court dismisses the claims brought against the Clerks of Court for the Second Circuit and the Southern District of New York on absolute quasi-judicial immunity grounds.

---

[1] *Khobragade* remains open because, at the time the March 14, 2014 indictment was returned, the defendant was in India and therefore unavailable. *See Khobragade*, 14-CR-0176 (Doc. No. 3).

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). This immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal). The "filing and docketing [of] legal documents are an integral part of the judicial process and are thus entitled to absolute immunity." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) (internal quotation marks and citation omitted), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); *see Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012) (holding that "the court and deputy clerks are shielded by an absolute quasi[-]judicial immunity" in a suit alleging they refused to file documents).

Where a plaintiff seeks injunctive relief against a judicial officer, such relief generally is unavailable. Under 42 U.S.C. § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

Here, Plaintiff seeks injunctive relief. He does not allege any facts, however, suggesting that Defendants violated a declaratory decree or that declaratory relief was unavailable. Because Defendants are judicial officers, and Plaintiff does not allege that they violated a declaratory decree or that declaratory relief was unavailable, the Court dismisses the complaint under the doctrine of absolute quasi-judicial immunity. *See, e.g.*, *Treistman v. McGinty*, 804 F. App'x 98,

100 (Mem) (2d Cir. May 14, 2020) (holding that court employees were "judicial officer[s][,] because they were judicial employees entitled to judicial and quasi-judicial immunity," and therefore, because the plaintiff did not allege that the defendants violated a declaratory decree or that declaratory relief was unavailable, "injunctive relief under § 1983 was unavailable" (quoting *Rodriguez*, 116 F.3d at 66) (internal quotation marks omitted))).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## WARNING

Plaintiff has filed numerous actions in this court. As noted above, Plaintiff filed a substantially similar complaint to this action that the Court dismissed on sovereign immunity grounds. *See Sreedhar*, No. 24-CV-7440.

The Court has also dismissed six other actions where Plaintiff asserted duplicative and overlapping claims under various criminal statutes. *See, e.g.*, *Sreedhar v. Jud. Conf. of the United States*, No. 25-CV-2213 (LTS) (S.D.N.Y. June 4, 2025) (one of six substantially similar actions). By order dated April 29, 2025, the Court dismissed the six actions, with leave to replead; when dismissing these cases, the Court explained in its order that an individual cannot initiate an arrest or prosecution in a civil action. In response to the Court's April 29, 2025 order, Plaintiff moved to withdraw the six actions. On June 4, 2025, the Court dismissed the actions under Federal Rule of Civil Procedure 41(a)(2). *See id.* (dismissing action under Fed. R. Civ. P. 41(a)(2), after Plaintiff moved to withdraw six cases); *Sreedhar v. Arizona State Univ.*, No. 25-CV-1853 (S.D.N.Y. June 4, 2025) (same); *Sreedhar v. Rowe*, No. 25-CV-0699 (LTS) (S.D.N.Y. June 4,

4

2025) (same); *Sreedhar v. Modi*, No. 25-CV-0522 (LTS) (S.D.N.Y. June 4, 2025) (same); *Sreedhar v. AECOM*, No. 25-CV-0482 (LTS) (S.D.N.Y. June 4, 2025) (same); *Sreedhar v. Univ. of Florida*, No. 25-CV-0407 (LTS) (S.D.N.Y. June 4, 2025) (same).

At the same time as Plaintiff moved to withdraw these six actions, he also moved to withdraw four other pending actions, and the Court dismissed those actions as well, under Fed. R. Civ. P. 41(a)(2). *See Sreedhar v. State Bank of India*, No. 25-CV-4061 (LTS) (S.D.N.Y. June 9, 2025) (dismissing action under Fed. R. Civ. P. 41(a)(2), after Plaintiff moved to withdraw); *Sreedhar v. Duvvuri*, No. 25-CV-4269 (LTS) (S.D.N.Y. June 4, 2025) (same); *Sreedhar v. KPMG (Canada)*, No. 25-CV-4066 (LTS) (S.D.N.Y. June 3, 2025) (same); *Sreedhar v. Canadian Consulate Gen.*, No. 25-CV-4476 (LTS) (S.D.N.Y. June 2, 2025) (same).

The Court also dismissed one of Plaintiff's actions filed last year for failure to state a claim, *see Sreedhar v. Nat'l Inst. of Tech. Karnataka*, No. 25-CV-3100 (LTS) (S.D.N.Y. May 1, 2025), and transferred another action to the District of Massachusetts, *see Sreedhar v. Farrell*, No. 25-CV-1989 (LTS) (S.D.N.Y. Mar. 14, 2025). Finally, the Court dismissed an action Plaintiff filed in December of last year as duplicative of this action. *See Sreedhar v. Clerk of Court Catherine O'Hagan Wolfe*, No. 25-CV-10426 (LTS) (S.D.N.Y. Feb. 17, 2026).

In light of this litigation history, the Court finds that Plaintiff was or should have been aware that this complaint lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where a *pro se* party, frequently filing actions, may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that, if he continues to file meritless claims in this court, the Court will issue an order directing him to show cause why he should not be barred from filing new civil actions in this court without first receiving permission from the court. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed under the doctrine of quasi-judicial immunity.

The Court warns Plaintiff that, if he continues to file meritless claims in this court, the Court will issue an order directing him to show cause why he should not be barred from filing new civil actions in this court without first receiving permission from the court. *See* 28 U.S.C. § 1651.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:   February 24, 2026
         New York, New York

                                      /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                      Chief United States District Judge

6